IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| AJANG AROP, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | 8:18CV169 |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. MARSHAL, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the petition without prejudice, construing it as one brought pursuant 28 U.S.C. § 2241.[1]

Petitioner is being prosecuted in the Douglas County, Nebraska district court and claims he has been in custody since August 6, 2017. I have reviewed the case file through Nebraska's judicial records system made available to the judges of this court.[2] *See Stutzka v. McCarville*, 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Those records reflect that Petitioner has been detained pending trial. Those records further reflect that the presiding judge has suppressed certain evidence and the prosecutor has taken an interlocutory appeal.

Despite Petitioner's speedy trial and excessive bail claim, there is nothing unusual about this case. Moreover, Petitioner has not exhausted his state court remedies that might enable him to seek relief from continued detention. Accordingly, it is clear that this case

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243.

[2] The Douglas County District Court case number is CR17-3067 and the Court of Appeals case number is A-18-399.

must be dismissed. *See*, *e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court" and a petitioner must "exhaust[] all available state remedies as a prelude to th[e] action." ); *Crandle v. Oliver*, No. CV 1:17-00562-WS-N, 2018 WL 1041582, at *3 (S.D. Ala. Jan. 23, 2018) (recommending dismissal and applying *Braden* to a petitioner who, among other things, claimed a violation of his speedy trial rights and the failure to give him a reasonable bond), report and recommendation adopted, No. CV 1:17-00562-WS-N, 2018 WL 1037053 (S.D. Ala. Feb. 23, 2018).

Although Petitioner sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

Finally, I observe that it is unclear why Petitioner named as Respondent the "U.S. Marshal." I have checked our filing system and find no pending federal criminal case. In this same vein, although the petition is said to be "In The United States Supreme Court" the petition was mailed to a judge of this court and then submitted to the Clerk of this court for filing.

IT IS ORDERED that the petition for writ of habeas corpus is denied and dismissed without prejudice. No certificate of appealability has been or will be issued. Judgment will be entered by separate document.

DATED this 4th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge